UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **5:26-cv-00391-AB-MAR** Date: July 27, 2026

Title *Antonio Alexander Quarterman v. Superior Court on California, County of San Bernardino et al*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION AND FAILURE TO PROVIDE CURRENT ADDRESS**

On January 29, 2026, Antonio Alexander Quarterman ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus ("Complaint") pursuant to 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. Petitioner did not pay the filing fee or file a request to proceed in forma pauperis ("IFP"). The court issued a deficiency notice indicating that failure to respond within thirty days may result in the action being dismissed. Dkt. 3. On June 11, 2026, Petitioner filed an Amended Petition. Dkt. 5. On June 24, 2026, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to pay filing fee or request to proceed IFP. Dkt. 6. The OSC again warned that failure to comply may result in dismissal of the action. Id.

It appears likely that Plaintiff has not received a copy of the OSC because, on July 7, 2026, the copy of the OSC that the Court mailed to Plaintiff was returned to the Court. Dkt. 7. Plaintiff has not, however, provided this Court with an updated correct mailing address, as required by the Local Rules.[2]

---

[1] Under the "mailbox rule", when a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] Local Civil Rule 41-6 states as follows:

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.
>
> L.R. 41-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **5:26-cv-00391-AB-MAR** Date: July 27, 2026

Title *Antonio Alexander Quarterman v. Superior Court on California, County of San Bernardino et al*

Thus, the Court is inclined to issue an Order dismissing the Complaint for failure to prosecute. However, before doing so, the Court will give Plaintiff an opportunity to show cause in writing **within twenty-one (21) days** of this Order, **by August 17, 2026**, why this action should not be dismissed under Rule 41(b) for failure to prosecute and also for failure to keep the Court informed of a correct mailing address pursuant to Local Civil Rule 41-6. See Fed. R. Civ. P. 41(b); Local Civil Rule 41-6.

The Court will consider any of the following three (3) options to be an appropriate response to this OSC:

1. Plaintiff shall file a Notice of Change of Address, and either
    a. Pay the filing fee, or
    b. File a request to proceed in forma pauperis;
2. Plaintiff shall provide the Court with an explanation as to why he has failed to pay the filing fee or request to proceed in forma pauperis; or
3. Plaintiff may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a).

**The Clerk is directed to attach a Notice of Dismissal form and a CV-060P form for Plaintiff's convenience.**

**Failure to respond to the Court's Order will result in the dismissal of the action.**

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev